LINK: CV 17-1912 BRO- JS-6
CV 17-1940 BRO - JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-01825 BRO (MRWx)**<br>**CV 17-01912 BRO (MRWx)**<br>**CV 17-1940 BRO (MRWx)** | Date | May 31, 2017 |
|---|---|---|---|
| Title | **ATUL SINGH DEORA V. NANTHEALTH, INC. ET AL.**<br>**MICHAEL DI RIENZO V. NANTHEALTH, INC. ET AL.**<br>**JOHN SHAFIK V. NANTHEALTH, INC. ET AL** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

**ORDER RE MOTION TO CONSOLIDATE CASES, FOR APPOINTMENT OF COUNSEL, AND FOR APPOINTMENT AS CO-LEAD PLAINTIFFS [18, 20]**

## I. INTRODUCTION

Currently pending before the Court is Movants Michael Fontaine and the Southeastern Pennsylvania Transportation Authority's (collectively, the "Fontaine Movants") Motion to Consolidate Cases, for Appointment of Counsel, and for Appointment as Co-Lead Plaintiffs. (*See* Dkt. No. 18 (hereinafter, "Mot.").) After considering the papers filed in support of and in opposition to the instant Motion, the Court finds this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** the Fontaine Movants' Motion.

## II. BACKGROUND

There are currently three proposed class actions arising under the Private Securities Litigation Reform Act (the "PSLRA") pending before this Court against a combination of the following defendants: NantHealth, Inc. ("NantHealth"); Patrick Soon-Shiong; Paul A. Holt; Michael S. Sitrick; Kirk K. Calhoun; Mark Burnett; Edward Miller; Michael Blaszyk; Jefferies LLC; Cowen and Company, LLC; First Analysis Securities Corporation; Canaccord Genuity Inc.; and, FBR Capital Markets & Co.[1] (*See* Dkt. No. 1;

---

[1] The Court will refer to these parties collectively as "Defendants."

LINK:  CV 17-1912 BRO- JS-6
CV 17-1940 BRO - JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-01825 BRO (MRWx)**<br>**CV 17-01912 BRO (MRWx)**<br>**CV 17-1940 BRO (MRWx)** | Date | May 31, 2017 |
|---|---|---|---|
| Title | **ATUL SINGH DEORA V. NANTHEALTH, INC. ET AL.**<br>**MICHAEL DI RIENZO V. NANTHEALTH, INC. ET AL.**<br>**JOHN SHAFIK V. NANTHEALTH, INC. ET AL** | | |

*Michael Di Rienzo v. Nanthealth, Inc. et al.*, No. 2:17-cv-01912-BRO-MRW, ECF No. 1; *John Shafik v. Nanthealth, Inc. et al.*, No. 2:17-cv-01940-BRO-MRW, ECF No. 1.)

  NantHealth is a healthcare company that provides diagnostics tailored to specific molecular profiles of patient tissues that permit it to track patient outcomes and to deliver precision medicine.  (Dkt. No. 1 (hereinafter, "Compl.") ¶ 2.)  On June 1, 2016, NantHealth priced its initial public offering ("IPO") of 6.5 million shares of common stock at a price of $14.00 per share.  (Compl. ¶ 3.)  NantHealth made approximately $83.5 million during the IPO.  (*Id.*)  On March 6, 2017, STAT, a news organization that reports medical industry news, published an article alleging that NantHealth's founder, Defendant Patrick Soon-Shiong, had donated approximately $12 million to the University of Utah from three different tax-exempt entities pursuant to a contract that required the University to funnel that money back into NantHealth.  (Compl. ¶ 4.)  STAT quoted two tax experts as indicating that the agreement violated federal tax rules and amounted to money laundering through the University.  (*Id.*)  In addition, STAT alleged that NantHealth misled investors in reporting its earnings for the third quarter of 2016.  (*Id.*)  Based on STAT's reporting, NantHealth's stock price fell $1.67 per share, to close at $5.50 per share—a sixty percent decline from the IPO price.  (Compl. ¶ 5.)

  Accordingly, these three separate actions were filed against Defendants on March 7, 2017, March 9, 2017, and March 10, 2017.  (*See* Compl.; *Di Rienzo*, No. 2:17-cv-01912-BRO-MRW, ECF No. 1; *Shafik*, No. 2:17-cv-01940-BRO-MRW, ECF No. 1.)  Each action brought the same four claims: (1) violation of section 11 of the Securities Act; (2) violation of section 15 of the Securities Act; (3) violation of section 10(b) of the Exchange Act and Rule 10b-5; and, (4) violation of section 20(a) of the Exchange Act.  (*See* Compl.; *Di Rienzo*, No. 2:17-cv-01912-BRO-MRW, ECF No. 1; *Shafik*, No. 2:17-cv-01940-BRO-MRW, ECF No. 1.)  On May 8, 2017, three groups of Movants filed competing Motions for Appointment of Counsel and Appointment as Lead Plaintiff.  (*See* Mot.; *see also* Dkt. Nos. 14, 20.)  The first Movants are Greenblatt Trust, Amos Chalmers, John Jalas, Don Scoca, and, Michael Di Rienzo (the "Greenblatt Movants").  (*See* Dkt. No. 14.)  The second Movants are the Fontaine Movants.  (*See* Mot.)  The third Movant is Rena Listokin ("Listokin").  (*See* Dkt. No. 20.)

LINK: CV 17-1912 BRO- JS-6
CV 17-1940 BRO - JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL**

| Case No. | CV 17-01825 BRO (MRWx)<br>CV 17-01912 BRO (MRWx)<br>CV 17-1940 BRO (MRWx) | Date | May 31, 2017 |
|---|---|---|---|
| Title | ATUL SINGH DEORA V. NANTHEALTH, INC. ET AL.<br>MICHAEL DI RIENZO V. NANTHEALTH, INC. ET AL.<br>JOHN SHAFIK V. NANTHEALTH, INC. ET AL | | |

On May 15, 2017, Defendants filed a Statement regarding the competing Motions, explaining that they do not oppose the parties' Motion to Consolidate the three actions and "take no position with respect to the proposals concerning Lead Plaintiff and Lead Counsel structure." (Dkt. No. 25 at 1.) On the same day, Listokin conceded that the Fontaine Movants were the appropriate Lead Plaintiffs and filed a Notice of Non-Opposition to the Fontaine Movants' Motion,[2] (Dkt. No. 26), and the Fontaine Movants filed an Opposition to the competing Plaintiffs' Motions, (Dkt. No. 27). On May 16, 2017, the Greenblatt Movants withdrew their Motion for Appointment as Lead Plaintiffs. (*See* Dkt. No. 28.) On May 22, 2017, the Fontaine Movants filed a Reply in support of their Motion, confirming that, as it currently stands, their Motion to Consolidate and for Appointment as Lead Plaintiff and Appointment of Counsel is unopposed. (*See* Dkt. No. 29.)

### III. LEGAL STANDARDS

#### A. Consolidation

Before selecting a lead plaintiff, the court must determine whether to consolidate related actions under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Further,

> [t]he PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," *see* 15 U.S.C. § 78u-4(a)(3)(A)(ii), and did not displace the traditional legal standards for consolidation under Federal Rule of Civil Procedure 42, which permits the court to consolidate cases that involve a common question of law or fact. Fed. R. Civ. P. 42(a).

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *2 (N.D. Cal. June 10, 2014). Rule 42 provides that "[i]f actions before the court involve a common question of law or fact, the court" may either (1) "join for

---

[2] Though Listokin did not withdraw her Motion, based on her Notice of Non-Opposition to the Fontaine Movants' Motion, the Court **DENIES** her Motion.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-01825 BRO (MRWx)<br>CV 17-01912 BRO (MRWx)<br>CV 17-1940 BRO (MRWx) | Date | May 31, 2017 |
|---|---|---|---|
| Title | ATUL SINGH DEORA V. NANTHEALTH, INC. ET AL.<br>MICHAEL DI RIENZO V. NANTHEALTH, INC. ET AL.<br>JOHN SHAFIK V. NANTHEALTH, INC. ET AL | | |

hearing or trial any or all matters at issue in the actions"; (2) consolidate the cases; or, (3) "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "In determining whether to consolidate cases, the court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Miami Police*, 2014 WL 2604991, at *2.

### B. The PSLRA

The PSLRA, 15 U.S.C. § 78u-4, governs the method for selecting a lead plaintiff in private securities class actions. *See* 15 U.S.C. § 78u-4(a)(3). The PSRLA provides that the court shall "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). "Under the PSLRA, a three-step process determines the lead plaintiff." *Miami Police*, 2014 WL 2604991, at *3 (citing *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002)). "First, the first plaintiff to file an action governed by the PSLRA must publicize the pendency of the action, the claims made, and the purported class period 'in a widely circulated national business-oriented publication or wire service.'" *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)). "This notice must also alert the public that 'any member of the purported class may move the court to serve as lead plaintiff.'" *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)(II)).

Second, the court must determine who is the presumptive lead plaintiff. *See In re Cavanaugh*, 306 F.3d at 729–30. The presumptive lead plaintiff is the plaintiff with the largest financial stake in the outcome of the litigation, so long as that plaintiff also satisfies Federal Rule of Civil Procedure 23(a)'s typicality and adequacy requirements. *Id.* at 730. Third, the plaintiffs who are not the presumptive lead plaintiff may "rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). "If the court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, then it must return to step two, select a new presumptive lead plaintiff, and again allow the other plaintiffs to rebut the new presumptive lead plaintiff's showing." *Miami Police*, 2014 WL 2604991, at *3. "The court repeats this process 'until all challenges have been exhausted.'" *Id.* (quoting *In re Cavanaugh*, 306 F.3d at 731).

LINK:  CV 17-1912 BRO- JS-6
CV 17-1940 BRO - JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-01825 BRO (MRWx)<br>CV 17-01912 BRO (MRWx)<br>CV 17-1940 BRO (MRWx) | Date | May 31, 2017 |
|---|---|---|---|
| Title | ATUL SINGH DEORA V. NANTHEALTH, INC. ET AL.<br>MICHAEL DI RIENZO V. NANTHEALTH, INC. ET AL.<br>JOHN SHAFIK V. NANTHEALTH, INC. ET AL | | |

Once the court selects the presumptive lead plaintiff, the lead plaintiff is given the opportunity to select lead counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 711 (9th Cir. 2009). "Rather, . . . if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712.

IV.   **DISCUSSION**

   A.   **Consolidation**

In this case, the three actions involve the same Defendants (or a combination thereof) and arise from the exact same conduct—namely, NantHealth's alleged fraud that resulted in its stock price declining following its IPO.  Thus, each action is based on the same factual and legal theories.  Further, "[c]ourts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved." *Miami Police*, 2014 WL 2604991, at *3 (citing *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976)).  Moreover, no party opposes the consolidation.  Therefore, the Court **GRANTS** the Fontaine Movants' Motion for Consolidation pursuant to Rule 42(a). *See id.* (granting unopposed motion for consolidation of three related securities class actions); *see also Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (same).

   B.   **Appointment of Lead Plaintiff**

      1.   **Largest Stake in the Action**

As to the appointment of a lead plaintiff, the PSLRA provides that there is a rebuttable presumption "that the most adequate plaintiff in any private action" is the plaintiff that "has the largest financial interest in the relief sought by the class."  15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | CV 17-01825 BRO (MRWx)<br>CV 17-01912 BRO (MRWx)<br>CV 17-1940 BRO (MRWx) | Date | May 31, 2017 |
|---|---|---|---|
| Title | ATUL SINGH DEORA V. NANTHEALTH, INC. ET AL.<br>MICHAEL DI RIENZO V. NANTHEALTH, INC. ET AL.<br>JOHN SHAFIK V. NANTHEALTH, INC. ET AL | | |

U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The Greenblatt Movants' Motion indicates that they suffered a loss of approximately $146,392.25 on the purchases of NantHealth securities. (*See* Dkt. No. 15 at 7.) The Fontaine Movants provide documentation indicating that they suffered a loss of approximately $455,909.32. (*See* Mot. at 11; *see also* Declaration of Eric H. Gibbs (Dkt. No. 18-2), Exs. A, B.) And Listokin indicates that she suffered a loss of approximately $81,712.48. (*See* Dkt. No. 22-2.) Thus, as the Greenblatt Movants and Listokin concede, the Fontaine Movants appear to be the parties who have the greatest financial interest in the instant action; accordingly, the Fontaine Movants are presumptively the appropriate Lead Plaintiffs.

### 2. Typicality and Adequacy

"Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements," under Federal Rule of Civil Procedure 23(a). *In re Cavanaugh*, 306 F.3d at 732. This showing of typicality and adequacy "need not be as thorough as what would be required on a class certification motion." *Miami Police*, 2014 WL 2604991, at *5.

"The typicality requirement is satisfied when the putative lead plaintiff has suffered the same injuries as absent class members, as a result of the same conduct by the defendants." *In re Diamond Foods, Inc., Secs. Litig.*, 281 F.R.D. 405, 409 (N.D. Cal. 2012). Here, the Fontaine Movants claim that they, like the other class members, purchased NantHealth securities during the class period at artificially inflated prices and suffered harm as a result. *See id.* (finding lead plaintiff was adequate where it showed "the same interest as the rest of the class" because "[i]t wishe[d] to recover against defendants for the alleged damages it suffered because of allegedly false and misleading disclosures"). The Fontaine Movants' claims are based on the same factual and legal theories as the other class members; accordingly, the Court finds that the Fontaine Movants' claims are typical of the class claims. *See In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017) ("Here, like other members of the purported class, Fish purchased SolarCity securities during the Class Period allegedly in reliance on Defendants' false and misleading statements, and suffered damages as a result. Thus, because Fish's claims are premised on the same legal

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL**

| Case No. | CV 17-01825 BRO (MRWx) CV 17-01912 BRO (MRWx) CV 17-1940 BRO (MRWx) | Date | May 31, 2017 |
|---|---|---|---|
| Title | ATUL SINGH DEORA V. NANTHEALTH, INC. ET AL. MICHAEL DI RIENZO V. NANTHEALTH, INC. ET AL. JOHN SHAFIK V. NANTHEALTH, INC. ET AL | | |

and remedial theories and are based on the same types of alleged misrepresentations and omissions as the class's claims, Fish's claims are typical of the claims of other members of the putative class.").

"The test for adequacy asks whether the class representative and his counsel 'have any conflicts of interest with other class members' and whether the class representative and his counsel will 'prosecute the action vigorously on behalf of the class.'" *Miami Police*, 2014 WL 2604991, at *5 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)). In this case, there is no evidence currently before the Court that the Fontaine Movants or their counsel have any conflicts of interest with other class members or that there is any reason why they would not vigorously prosecute the action. In fact, the Fontaine Movants, as discussed above, have a significant interest in the outcome of this action. Therefore, the Court is satisfied that the Fontaine Movants adequately represent the class in this case. *See In re Solar City*, 2017 WL 363274, at *5 (finding lead plaintiff adequate where there was no indication of conflicts and he had "a significant stake in the outcome of the instant action").

Once the court has determined that a potential lead plaintiff has the largest financial stake in the outcome of the action and satisfies Rule 23(a)'s typicality and adequacy requirements, she is presumptively the most adequate plaintiff to represent the class. *See Miami Police*, 2014 WL 2604991, at *6. "This presumption may be rebutted only upon proof by a member of the purported plaintiff class that [the lead plaintiff] either (1) 'will not fairly and adequately protect the interests of the class,' or (2) 'is subject to unique defenses that render it incapable of adequately representing the class.'" *In re Solar City*, 2017 WL 363274, at *6 (alteration omitted) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). Here, the other Movants have conceded that the Fontaine Movants are the most adequate Lead Plaintiffs and have not presented any evidence or argument indicating that the Fontaine Movants will not adequately protect the interests of the class or are subject to individualized defenses. Therefore, the Court finds that the Fontaine Movants are entitled to be the Lead Plaintiffs in this case.

LINK: CV 17-1912 BRO- JS-6
CV 17-1940 BRO - JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-01825 BRO (MRWx)** **CV 17-01912 BRO (MRWx)** **CV 17-1940 BRO (MRWx)** | Date | May 31, 2017 |
|---|---|---|---|
| Title | **ATUL SINGH DEORA V. NANTHEALTH, INC. ET AL.** **MICHAEL DI RIENZO V. NANTHEALTH, INC. ET AL.** **JOHN SHAFIK V. NANTHEALTH, INC. ET AL** | | |

### C. Lead Counsel

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "The decision of lead counsel belongs to the plaintiff." *In re Solar City*, 2017 WL 363274, at *7 (citing *In re Cavanaugh*, 306 F.3d at 734 n.14). In this case, the Fontaine Movants have selected Gibbs Law Group LLP and Kehoe Law Firm, P.C. as their Lead Counsel. The Court has reviewed the firms' resumes and finds that the Fontaine Movants have made a reasonable choice. Both firms have significant securities class action litigation experience and have achieved highly favorable settlements for plaintiffs in previous actions. (*See* Dkt. Nos. 18-8, 18-9.) Accordingly, the Court defers to the Fontaine Movants' choice of Lead Counsel.

### V. CONCLUSION

Accordingly, the Court **GRANTS** the Fontaine Movants' Motion. The Court **ORDERS** that the three pending cases be consolidated for the purposes of discovery as well as all pre-trial and trial proceedings. Counsel is directed to file all further documents in CV 17-01825 BRO (MRWx). The Fontaine Movants are **ORDERED** to file a Consolidated Complaint **no later than Monday, June 26, 2017 by 4:00 p.m.** The hearing currently scheduled for Monday, June 5, 2017 is hereby **VACATED**. The Clerk is ORDERED to add all parties and counsel to the docket in CV 17-01825 BRO (MRWx).

**IT IS SO ORDERED.** :

| | Initials of Preparer | rf |
|---|---|---|