# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ATUL SINGH DEORA, *et al.*, <br><br>   Plaintiffs, <br><br>   v. <br><br> NANTHEALTH, INC., *et al.*, <br><br>   Defendants. | CV 17-01825 TJH (MRWx) <br><br><br> Order |

    The Court has considered Plaintiffs' motion for final approval of the class action settlement, together with the moving papers.

    On June 26, 2017, named plaintiff Atul Singh Deora filed this case against Defendant NantHealth, Inc. ["NantHealth"], alleging violations of the Securities Act of 1933, 15 U.S.C. § 77k, *et seq.*, and of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, *et seq.* On May 31, 2017, District Judge Beverly Reid O'Connell granted the Southern Pennsylvania Transit Authority's ["the Transit Authority"] motion to appoint it as lead plaintiff and to appoint its attorneys, Gibbs Law Group LLP

["Gibbs"] and Kehoe Law Firm P.C.["Kehoe"], as lead counsel. Bleichmar, Fonti & Auld LLP ["Bleichmar"], also, represented the Transit Authority, but was not appointed as lead counsel. On July 30, 2019, the Court granted the Transit Authority's motion for class certification.

On January 31, 2020, the Court granted the Transit Authority's unopposed motion for preliminary approval of the class action settlement   The Transit Authority, now, moves for final approval of the class action settlement.

The proposed class action settlement calls for a $16,500,000.00 common fund to be distributed as follows: (1) $4,125,000.00, or 25% of the settlement fund, for attorneys' fees; (2) $349,073.67 for costs; (3) $25,000.00 as a "compensatory award" for the Transit Authority as lead plaintiff; and (4) A *pro rata* distribution of the remainder of the common fund to the class members, "calculated using a formula based on the timing of [each class member's] purchases and sales of NantHealth common stock," where "the formula accounts for the alleged artificial share-price inflation at various points during the Class period, and is tied to the difference between the estimated inflation on the date shares were purchased and sold."

Approximately 1,800 claims, and only one objection, were submitted by class members. This motion was filed before the deadline for class members to opt out or object to the settlement. Accordingly, the Transit Authority's reply brief addressed the sole objection, which was raised by the original named plaintiff – Atul Singh Deora. Deora's objection, filed with the Court, argued only that because his name is, and always will be, associated with this action, he could suffer repercussions in his professional life *if* a potential employer should search his name, find this case, assume he is litigious, and, then, negatively act on his employment application. Accordingly, Deora requests additional compensation from the common fund. Notably, Deora does not oppose any other aspect of the proposed settlement.

If a class member, other than the lead plaintiff, demonstrates that he was, in fact, retaliated against – or at least made a credible allegation of past or possible future

retaliation – based on that class member's role in a class action, a higher damages award for that class member may be justified. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). Here, however, Deora's potential harm is too speculative to warrant a higher, disproportionate share of the settlement. *See Staton*, 327 F.3d at 977.

The Court finds that the proposed *pro rata* distribution of the settlement fund to be fair and adequate, especially considering that none of the class members objected to the proposed distribution methodology. Moreover, the requested attorneys' fees of 25% of the common fund is presumptively reasonable, especially given the complexity of this action. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 10-47-1048 (9th Cir. 2002).

The Transit Authority seeks a "compensatory," or incentive, award of $25,000.00 for serving as the lead plaintiff. Incentive awards are granted to compensate class representatives for work done on behalf of the entire class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize the willingness to act as a private attorney general. *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009).

Here, the Transit Authority provided a declaration from its in-house general counsel, Gino Benedetti, detailing the work that he and other Transit Authority employees did on this case. The Transit Authority argued that a $25,000.00 award is warranted, here, given, *inter alia*, the hypothetical lodestar of Benedetti's comparable hourly rate in the community. What the Transit Authority seeks is, essentially, attorney's fees for Benedetti's efforts. However, the class, here, is represented by Court-appointed lead counsel who are being well compensated by collecting 25% of the common fund. It would not be fair to the class to, further, reduce the common fund to pay for the Transit Authority's in-house general counsel. Nevertheless, the Court recognizes that the Transit Authority did, indeed, expend substantial efforts to assist in the prosecution of this case to a successful settlement. Accordingly, the Court will

grant the Transit Authority an incentive award of $5,000.00.

The Transit Authority seek cost reimbursements of $349,073.67 from the common fund, divided as follows: (1) $283,929.52 for costs incurred by Gibbs; (2) $9,149.25 for costs incurred by Kehoe; and (3) $55,994.90 for costs incurred by Bleichmar. The law firms provided a break down of costs only by categories, and without providing documentation or other substantiation for their costs other than vague declarations. By way of example:

(1) Gibbs seeks $57,991.97 for "litigation support (including [a] document review platform)" but failed to explain or substantiate how the $50,000.00 document review platform it, apparently, acquired constituted a cost that should be borne entirely by the class members, here, as opposed to being amortized as part of the firm's general overhead, or how the remaining $7,991.97 was spent;

(2) Gibbs and Bleichmar seek $168,946.78 and $10,000.00, respectively, for expert witness fees, but neither firm identified, *inter alia*, the names of their experts, the areas of expertise for each expert, each expert's qualifications, each expert's fee, the work performed by each expert, or how each expert was necessary to the advancement of this case;

(3) Gibbs and Kehoe seek $8,576.39 and $4,453.97, respectively, for airfare, but failed to identify who traveled, the reason for the travel, and the cost of each ticket.

Consequently, the Court cannot determine the reasonableness of the requested costs.

Further, the Transit Authority has neither informed the Court of, nor sought approval for, the fees and costs of JND Legal Administration, the settlement administrator. The Court cannot grant final approval of the settlement until it has considered the reasonableness of all fees and costs.

Accordingly,

**It is Ordered** that the Transit Authority shall file, within 30 days of this order, supplemental declarations and documentation that substantiates all of the costs incurred in this case.

Date: July 17, 2020

_____
Terry J. Hatter, Jr.
Senior United States District Judge